IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PAUL PARSHALL, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ANGIE'S LIST, INC., THOMAS R. EVANS, GEORGE D. BELL, MARK BRITTO, SCOTT A. DURCHSLAG, ANGELA R. HICKS BOWMAN, MICHAEL S. MAURER, DAVID B. MULLEN, MICHAEL D. SANDS, H. ERIC SEMLER, SUSAN THRONSON, IAC/INTERACTIVECORP, ANGI HOMESERVICES INC., and CASA MERGER SUB, INC.,<br><br>Defendants. | Case No. 1:17-cv-02418<br><br>COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934<br><br>CLASS ACTION<br><br>JURY TRIAL DEMANDED |

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1.     This action stems from a proposed transaction announced on May 1, 2017 (the "Proposed Transaction"), pursuant to which Angie's List, Inc. ("Angie's List" or the "Company") will be acquired by IAC/InterActiveCorp ("Parent"), ANGI Homeservices Inc. ("ANGI"), and Casa Merger Sub, Inc. ("Merger Sub") (collectively, "IAC").

2.     On May 1, 2017, Angie's List's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with IAC.   Pursuant to the terms of the Merger Agreement, Angie's List will be combined Parent's HomeAdvisor business ("HomeAdvisor") under ANGI, a newly created publicly traded company.   In particular, the Merger Agreement provides for the acquisition of Angie's List by ANGI by way of the merger of Merger Sub with and into Angie's List, with Angie's List continuing as a wholly owned subsidiary of ANGI.

3.     If the Proposed Transaction is approved, Angie's List stockholders will have the right to elect to receive either one newly issued share of Class A common stock of ANGI or $8.50 per share in cash for each share of Angie's List stock that they own.   Elections to receive the cash consideration will be subject to proration, such that Angie's List stockholders will receive in the aggregate no more than $130 million in cash.   In connection with the Proposed Transaction, IAC will contribute the HomeAdvisor business, along with cash sufficient to fund the aggregate cash consideration that Angie's List stockholders elect to receive, if any, to ANGI in exchange for all of ANGI's shares of Class B common stock, which have preferred voting rights over the Class A shares.

4.     On June 30, 2017, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

5.     The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading.  Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) because the claims asserted herein arise under Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder and Section 20(a) of the 1934 Act.

7.     This Court has personal jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8.     Venue is proper under Section 27 of the 1934 Act (15 U.S.C. § 78aa), as well as 28 U.S.C. § 1391(b), because (i) the conduct at issue took place and had an effect in this District; (ii) a substantial portion of the transactions and wrongs complained of herein occurred in this District; and (iii) defendants have received substantial compensation in this District by doing business here and engaging in numerous activities that had an effect in this District.

## PARTIES

9.     Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Angie's List common stock.

10.     Defendant Angie's List is a Delaware corporation and maintains its principal executive offices at 1030 E. Washington Street, Indianapolis, Indiana 46202.  Angie's List's common stock is traded on the Nasdaq GS under the ticker symbol "ANGI."

11.     Defendant Thomas R. Evans ("Evans") is a director of Angie's List. According to the Company's website, Evans is a member of the Compensation Committee.

12.     Defendant George D. Bell ("Bell") is a director of Angie's List. According to the Company's website, Bell is a member of the Audit Committee.

13.     Defendant Mark Britto ("Britto") is a director of Angie's List. According to the Company's website, Britto is the Chair of the Compensation Committee.

14.     Defendant Scott A. Durchslag ("Durchslag") is a director, President, and Chief Executive Officer ("CEO") of Angie's List.

15.     Defendant Angela R. Hicks Bowman ("Hicks Bowman") is a co-founder and a director of the Company.

16.     Defendant Michael S. Maurer ("Maurer") is a director of Angie's List. According to the Company's website, Maurer is Chair of the Nominating and Governance Committee and a member of the Audit Committee.

17.    Defendant David B. Mullen ("Mullen") is a director of Angie's List. According to the Company's website, Mullen is the Chair of the Audit Committee.

18.    Defendant Michael D. Sands ("Sands") is a director of Angie's List. According to the Company's website, Sands is a member of the Nominating and Governance Committee.

19.    Defendant H. Eric Semler ("Semler") is a director of Angie's List. According to the Company's website, Semler is a member of the Nominating and Governance Committee.

20.    Defendant Susan Thronson ("Thronson") is a director of Angie's List. According to the Company's website, Thronson is a member of the Audit Committee and the Compensation Committee.

21.    The defendants identified in paragraphs 11 through 20 are collectively referred to herein as the "Individual Defendants."

22.    Defendant Parent is a Delaware corporation that is headquartered in New York and is a party to the Merger Agreement.

23.    Defendant ANGI is a Delaware corporation, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

24.    Defendant Merger Sub is a Delaware corporation, a wholly-owned subsidiary of ANGI, and a party to the Merger Agreement.

## CLASS ACTION ALLEGATIONS

25.    Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Angie's List (the "Class"). Excluded from the Class

are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

26.     This action is properly maintainable as a class action.

27.     The Class is so numerous that joinder of all members is impracticable. As of April 28, 2017, there were approximately 59,705,580 shares of Angie's List common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

28.     Questions of law and fact are common to the Class, including, among others, whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

29.     Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature.  Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class.  Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

30.     The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

31.     Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

### *Background of the Company and the Proposed Transaction*

32.     Angie's List operates a national local services consumer review service and marketplace that seeks to improve the local service experience for both members and service professionals.   Angie's List helps facilitate transactions between more than five million members and its collection of service professionals in over 700 categories of service nationwide.   The Company has generated more than ten million verified reviews of local services, which allows its members to research, compare, and purchase local services for their needs, as well as rate and review the providers of these services.  Angie's List's ratings and reviews, which are currently available to members free-of-charge, assist its members in identifying and hiring a provider for their local service needs.

33.     The Company has done well financially.   On May 2, 2017, the Company issued a press release announcing its first quarter financial results for 2017.  There, the Company reported the following impressive highlights:

- Revenue of $73.1 million as compared to $83.9 million for the first quarter of 2016.

- Net income of $2.0 million as compared to a net loss of $4.6 million for the first quarter of 2016.

- Adjusted EBITDA of $10.7 million as compared to $4.8 million for the first quarter of 2016.

- Gross member additions of 860,000, up 357% from 188,000 in the first quarter of 2016, bringing our total membership count to 5.7 million as of the end of the quarter.

- Positive net participating service provider additions, bringing the total number of participating service providers to 55,673 as of the end of the quarter.

34.    With respect to this information, the Company's President and CEO, Durchslag, stated: "the year is off to a good start, with key leading indicators moving in the right direction. We added 860,000 gross members in the quarter on significantly lower year over year marketing spend, and in March, we had the highest month of traffic to our website in company history. Member engagement, service provider backlog and sales productivity all improved sequentially as our freemium model continued to gain traction with our customers."

35.    Durchslag further commented that: "We also made great progress realizing the cost improvements we put in place at the end of last year. . . . As a result, we improved to profitability from a net loss in the year ago quarter. While it will take time to reignite organic revenue growth, we are seeing the positive changes in new member growth, member engagement, originations bookings and service provider contract value backlog that we anticipated from our freemium strategy."

36.    Notwithstanding these positive results, the Board, on May 1, 2017, caused the Company to enter into the Merger Agreement, pursuant to which Angie's List will be acquired by IAC.

37.    The Merger Agreement contains a "no solicitation" provision that prohibits the Individual Defendants from soliciting alternative proposals and

severely constrains their ability to communicate and negotiate with potential buyers who wish to submit or have submitted unsolicited alternative proposals.

38.     Further, the Company must promptly advise IAC of any proposals or inquiries received from other parties.  Moreover, the Merger Agreement contains a highly restrictive "fiduciary out" provision permitting the Board to withdraw its approval of the Proposed Transaction under extremely limited circumstances, and grants IAC a "matching right" with respect to any "Superior Proposal" made to the Company.

39.     Further locking up control of the Company in favor of IAC, the Merger Agreement provides for a "termination fee" payable by the Company to IAC if the Individual Defendants cause the Company to terminate the Merger Agreement.

***The Registration Statement Omits Material Information, Rendering It False and Misleading***

40.     Defendants filed the Registration Statement with the SEC on June 30, 2017, in connection with the Proposed Transaction.

41.     The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading.

42.     *First*, the Registration Statement omits material information regarding Angie's List's and HomeAdvisor's financial projections that were relied upon by Angie's List's financial advisors in connection with the Proposed Transaction.  The disclosure of projected financial information is material because it provides stockholders with a basis to understand the future financial performance

of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

43.     Specifically, the Registration Statement fails to disclose Angie's List's and HomeAdvisor's unlevered, after-tax free cash flows for the fiscal year ending December 31, 2017, through the fiscal year ending December 31, 2020, as well as the line items used to calculate those unlevered, after-tax free cash flows, including, but not limited to, the projections of stock-based compensation.

44.     Further, the Registration Statement fails to disclose the Company's projected net operating loss carryforwards, and the synergies that Angie's List's management expected to result from the Proposed Transaction.

45.     Additionally, the Registration Statement provide stockholders with a reconciliation of all non-GAAP measures to GAAP metrics.

46.     The omission of this material information renders the Registration Statement false and misleading, including, *inter alia*, the following sections of the Registration Statement: (i) "Certain Financial Projections;" and (ii) "Opinions of Angie's List's Financial Advisors."

47.     *Second*, the Registration Statement omits material information regarding the financial analyses performed by the Company's financial advisors, Allen & Company LLC ("Allen & Company") and Merrill Lynch, Pierce, Fenner & Smith Incorporated ("BofA Merrill Lynch"), in support of their so-called "fairness opinions."  When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the

key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

48.     With respect to each of Allen & Company's and BofA Merrill Lynch's Discounted Cash Flow Analyses, the Registration Statement fails to disclose: (i) the unlevered, after-tax free cash flows for each of Angie's List and HomeAdvisor, and the constituent line items; (ii) the net present value of the Company's net operating losses; (iii) the terminal values for the Company and HomeAdvisor; and (iv) the inputs underlying the discount rate ranges for each of Angie's List and HomeAdvisor.

49.     With respect to the financial advisors' joint Selected Publicly Traded Companies Analyses of each of Angie's List and HomeAdvisor, the Registration Statement fails to disclose the individual multiples and financial benchmarking metrics for each of the companies observed by the financial advisors in their analyses.

50.     With respect to the financial advisors' joint Selected Precedent Transactions Analysis, the Registration Statement fails to disclose the individual multiples and financial benchmarking metrics for each of the transactions observed by the financial advisors in their analysis.

51.     The omission of this material information renders the Registration Statement false and misleading, including, *inter alia*, the following sections of the Registration Statement: (i) "Certain Financial Projections;" and (ii) "Opinions of Angie's List's Financial Advisors."

52.  *Third*, the Registration Statement omits material information regarding potential conflicts of interest of the Company's officers and directors.

53.  The Registration Statement fails to disclose the timing and nature of all communications regarding future employment and/or directorship of Angie's List's officers and directors, including who participated in all such communications.

54.  In particular, the Registration Statement indicates that Individual Defendant Hicks Bowman entered into an employment agreement with ANGI on June 29, 2017, pursuant to which she will serve as the Chief Customer Officer of ANGI following the completion of the Proposed Transaction, and will receive substantial amounts of compensation.  The Registration Statement, however, fails to disclose who first proposed such an agreement, as well as the timing and nature of the discussions regarding Hicks Bowman's post-merger employment.

55.  Communications regarding post-transaction employment during the negotiation of the underlying transaction must be disclosed to stockholders.  This information is necessary for stockholders to understand potential conflicts of interest of management and the Board, as that information provides illumination concerning motivations that would prevent fiduciaries from acting solely in the best interests of the Company's stockholders.

56.  The omission of this material information renders the Registration Statement false and misleading, including, *inter alia*, the following sections of the Registration Statement: (i) "Background of the Transactions;" and (ii) "Interests of Angie's List's Directors and Executive Officers in the Transactions."

57.    *Fourth*, the Registration Statement omits material information regarding the background of the Proposed Transaction.    The Company's stockholders are entitled to an accurate description of the process the directors used in coming to their decision to support the Proposed Transaction.

58.    In particular, the Registration Statement indicates that the Company entered into non-disclosure agreements with several interested parties, but the Registration Statement fails to disclose whether any of those non-disclosure agreements contained standstill and/or "don't ask, don't waive" provisions that prevented, or are preventing, those counterparties from submitting topping bids to acquire the Company or requesting a waiver of standstill provisions.

59.    The omission of this material information renders the Registration Statement false and misleading, including, *inter alia*, the "Background of the Transactions" section of the Registration Statement.

60.    The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to Angie's List's stockholders.

## COUNT I

**(On Behalf of Plaintiff and the Class Against Angie's List and the Individual Defendants for Violations of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder)**

61.    Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

62.    The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section

13

14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Angie's List is liable as the issuer of these statements.

63. The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

64. The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

65. The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

66. The Registration Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

67. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

68. Because of the false and misleading statements in the Registration Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

**(On Behalf of Plaintiff and the Class Against the Individual Defendants and IAC for Violations of Section 20(a) of the 1934 Act)**

69.   Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

70.   The Individual Defendants and IAC acted as controlling persons of Angie's List within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or directors of Angie's List and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

71.   Each of the Individual Defendants and IAC was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

72.   In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Registration Statement contains the unanimous recommendation of the

15

Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Registration Statement.

73.    IAC also had direct supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

74.    By virtue of the foregoing, the Individual Defendants and IAC violated Section 20(a) of the 1934 Act.

75.    As set forth above, the Individual Defendants and IAC had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.    Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.    In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.    Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that

states all material facts required in it or necessary to make the statements contained therein not misleading;

D.     Declaring that defendants violated Section 14(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder, and/or Section 20(a) of the 1934 Act;

E.     Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.     Granting such other and further relief as this Court may deem just and proper.

<u>**JURY DEMAND**</u>

Plaintiff respectfully requests a trial by jury on all issues so triable.

Dated: July 18, 2017                     Respectfully submitted,

                                         RILEY WILLIAMS & PIATT, LLC


                              By:   /s/ *James A. Piatt*
                                    _____
                                    James A. Piatt (#28320-49)
                                    301 Massachusetts Avenue, Suite 300
                                    Indianapolis, IN 46204
                                    (317) 633-5270
                                    Fax:  (317) 426-3348
                                    jpiatt@rwp-law.com

                                    *Attorney for Plaintiff*

**OF COUNSEL:**

**RIGRODSKY & LONG, P.A.**
2 Righter Parkway, Suite 120
Wilmington, DE 19803
(302) 295-5310

**RM LAW, P.C.**
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
(484) 324-6800